Dear Mr. Auderer:
This office is in receipt of your request for an opinion of the Attorney General in regard to reapportionment of the St. Bernard Parish School Board. You ask the following questions:
 1. According to current state law, is the St. Bernard Parish School Board mandated to reapportion itself in the same configuration as the Parish governing authority?
 2. If the enclosed House Bill 180 passes and becomes law, is the St. Bernard Parish School Board required to take immediate action to reapportion itself in the same configuration as the Parish governing authority, or would the St. Bernard Parish School Board be required to do so only after a petition and a vote of the people?
In regard to your first question whether the St. Bernard Parish School Board is mandated to reapportion itself in the same configuration as the Parish governing authority, we would answer in the negative. R.S. 17:71.1
authorizes each school board to reapportion itself so that each member represents as nearly as possible the same number of persons, although the statute allows for one or more members to be elected at large.
In R.S. 17:71.3. the school board is authorized to use the latest federal decennial census as the basis for accomplishing reapportionment, or "may authorize the taking of a special census to use as a basis for reapportionment." This statutes further provides each board, after determining the number of members of said board, may create such school board election districts "as it deems desirable". It then specifies, "These districts need not be coterminous with other districts that may be created by any governing authority, but any such school board election districts created as a result of this Subpart shall be compact and contiguous."
In Atty. Gen. Op. 99-32-A this office noted that R.S. 17:71.3 requires a school board to reapportion using whole election precincts established by the parish governing authority under R.S. 18:532 and 532.1, but recognized the applicantion of the exception when the number of members of the school board is not equal to the number of members of the parish governing authority and is unable to meet the federal guidelines in the creation of its reapportionment plan through the use of whole precincts. While this exception permitting the division of precincts is no longer applicable under R.S. 17:71.3(3)(2)(d) as of Dec. 31, 1993, this opinion does demonstrate that the number of school board members does not have to be equal to the members of the governining authority.
Consequently, we would conclude the directive of R.S. 17:71.1 is that school boards are to be reapportioned so that each member of said board represents as nearly as possible the same number of persons, but do not find it is mandated that the school board be the same number of members as the Parish governing authority and the districts the same configuration as the Parish governing authority.
This office will not answer your second question which is premised upon "if House Bill 180 passes" inasmuch as this is a speculative situation, and there may be no future need for concern. However, if the matter should come to fruition, you may then seek an opinion to clarify your uncertainty on the issue.
We hope this sufficiently responds to your request.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
cc: Delores Crosbie